IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

*Newport News Division*

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal No. 4:23cr45 |
| ) | |
| DEJA NICOLE TAYLOR, ) | |
| ) | |
| ) | |
| Defendant. ) | |

## MOTION TO REVOKE DEFENDANT'S BOND

The United States of America, by and through its attorneys, Jessica D. Aber, United States Attorney for the Eastern District of Virginia, Lisa R. McKeel and Peter G. Osyf, Assistant United States Attorneys, hereby moves the Court, pursuant to Title 18 U.S.C. § 3148, revoke the defendant's bond and order her detained pending sentencing. The defendant, DEJA NICOLE TAYLOR, was ordered released on conditions of supervision following her guilty plea to a Criminal Information on June 12, 2023. As set forth below, the defendant has violated the order setting the conditions of release, including, that she not violate federal, state, or local law; unlawfully using and possessing narcotic or controlled substances, failing to attend substance abuse treatment as directed and failing to submit to drug testing as directed. ECF 14.

## PROCEDURAL HISTORY

On June 5, 2023, the United States filed a Criminal Information charging the defendant with two felony offenses: Unlawful User of Controlled Substances in Possession of a Firearm, in violation of 18 U.S.C. §922(g)(3) and Making a False Statement During Purchase of a Firearm, in violation of 18 U.S.C. § 922(a)(6). ECF 1.

On June 12, 2023, the defendant pleaded guilty to both counts in the Criminal Information. ECF 6.  She was ordered released on certain conditions, including conditions that she not violate federal, state, or local law; refrain from the unlawful use and possession of narcotic or controlled substances; submit to substance abuse treatment as directed; and submit to substance abuse testing as directed. ECF 14.

On June 27, 2023, Chief District Judge Mark S. Davis signed an Order accepting the plea of guilty by TAYLOR and found the defendant guilty of Counts One and Two of the Criminal Information. ECF 16.

## VIOLATIONS OF THE ORDER SETTING CONDITIONS OF RELEASE

1. **Condition 1; Violation of Federal Law**

TAYLOR possessed and used controlled substances in violation of Title 21 U.S.C. § 844. By testing positive for both marijuana and cocaine during drug testing on July 19 and August 25, 2023, TAYLOR possessed controlled substances in violation of federal law.

2. **Condition 7(j): Use and Possession of Controlled Substances**

On July 19, 2023, TAYLOR submitted to a random drug test which came back positive for marijuana. The test is currently pending confirmation.

On August 25, 2023, TAYLOR submitted to a random drug test which came back positive for cocaine and marijuana. TAYLOR signed an admission form admitting that she used marijuana on August 22, 2023. The test is currently pending confirmation.

3. **Condition 7(q): Submit to Substance Abuse Treatment as Directed**

On July 15, 2023, TAYLOR completed a substance abuse evaluation through The Counseling Center and was recommended for individual treatment. On August 17 and 24, 2023, TAYLOR failed to attend her scheduled treatment sessions.

4. **Condition 7(s): Submit to Substance Abuse Testing as Directed**

On August 16, and 22, 2023, TAYLOR failed to report to phase testing.

## LAW AND DISCUSSION

A person on pretrial release who violates a condition of release is subject to revocation of release, an order of detention, and prosecution for contempt of court. 18 U.S.C. § 3148(a). The attorney for the Government "may initiate a proceeding for revocation of an order of release by filing a motion with the district court." 18 U.S.C. § 3148(b). "A judicial officer may issue a warrant for the arrest of a person charged with violating a condition of release, and the person shall be brought before a judicial officer in the district in which such person's arrest was ordered for a proceeding in accordance with this section. To the extent practicable, a person charged with violating the condition of release that such person not commit a Federal, State, or local crime during the period of release, shall be brought before the judicial officer who ordered the release and whose order is alleged to have been violated." 18 U.S.C. § 3148(b).

The United States respectfully submits that the defendant violated multiple conditions of the Order Setting Conditions of Release, including that she not violate Federal, State, or local law; not use or unlawfully possess a narcotic controlled substance; submit to substance abuse treatment as directed; and submit to substance abuse testing as directed. ECF 14. Importantly, the defendant just didn't violate one condition, but multiple conditions on multiple occasions.

The defendant first violated condition one of the conditions for bond; violation of federal law while on release. Using a controlled substance is sufficient to establish possession of that substance and therefore a violation of federal law, Title 21 U.S.C §844, for possession of controlled substances. *See United States v. Clark*, 30 F.3d 23, 25 (4th Cir.1994), *cert. denied* 115 S. Ct. 600 (1993), *United States v. Battle*, 993 F.2d 49, 50 (4th Cir. 1993), and *United States v. Hunnell*, 794

Fed. Appx. 325 (4th Cir. 2020). The fact that the defendant failed to report to phase testing on August 16 and 22, 2023, also supports an inference she knew that when she submitted herself to more testing that she would test positive for a substance. *See United States v. Trotter*, 270 F.3d 1150, 1153 (7th Cir. 2001). The United States submits that failing to attend treatment sessions is also circumstantial evidence that she's continuing to use and possess controlled substances.

The defendant, in addition to violating federal law, also violated Conditions 7 (j), (q) and (s) of the Order Setting Conditions of Release. She tested positive twice for marijuana use and one time for cocaine use. She failed to submit to substance abuse treatment sessions as directed and failed to submit twice to substance abuse testing.

These violations are serious in nature. Had these violations been supervised release violations after a conviction, 18 U.S.C. 3583(g) would require the Court to revoke the defendant's supervision and impose a term of imprisonment for possessing a controlled substance and refusing to comply with drug testing.

These violations are serious and call into question the defendant's danger to the community, respect for the law and this Court's Orders, and gives the United States no faith that the defendant will abide by the terms of her court supervision since her conduct is repeated and not merely one mistake.

## **CONCLUSION**

For the foregoing reasons, the United States respectfully requests that the Court set this Motion for a hearing on the matter as soon as practicable pursuant to 18 U.S.C. §3148 (b) to determine if the defendant's bond be revoked and that she be detained pending sentencing.

Respectfully submitted,

Jessica D. Aber
United States Attorney

By:        /s/                  
Lisa R. McKeel
Peter G. Osyf
Assistant United States Attorneys
Eastern District of Texas
Fountain Plaza Three, Suite 300
721 Lakefront Commons
Newport News, Virginia 23606
Tel. (757) 591-4000
Fax. (757) 591-0866
Lisa.McKeel@usdoj.gov
Peter.Osyf@usdoj.gov

5

**CERTIFICATE OF SERVICE**

I hereby certify that on September 1, 2023, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to all counsel of record.

In addition, I hereby certify that on this March 30, 2022, a copy of the foregoing has also been sent via email to:

>Margaret Childress
>United States Probation Officer
>margaret_childress@vaep.uscourts.gov

By:     /s/
Lisa R. McKeel
Peter G. Osyf
Assistant United States Attorneys
Eastern District of Texas
Fountain Plaza Three, Suite 300
721 Lakefront Commons
Newport News, Virginia 23606
Tel. (757) 591-4000
Fax. (757) 591-0866
Lisa.McKeel@usdoj.gov
Peter.Osyf@usdoj.gov