**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**Newport News Division**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| Plaintiff | ) | Criminal Case 4:23CR45 |
| | ) | |
| v. | ) | Sentencing:  November 15, 2023 |
| | ) | |
| DEJA NICOLE TAYLOR | ) | Chief Judge Mark S. Davis |
| Defendant | ) | |

## <u>SENTENCING MEMORANDUM</u>

Defendant Deja Nicole Taylor, by and through her counsel, hereby files a

sentencing memorandum with this Honorable Court.

On July 19, 2022, Ms. Taylor had unlawfully obtained possession of a handgun,

which accidentally got into the hands of her troubled young son (age 6), who *almost*

tragically took the life of his first-grade teacher on January 6, 2023, by firing upon her in

class.  We cannot stress enough that Ms. Taylor is deeply saddened, extremely

despondent, and completely remorseful for the unintended consequences and mistakes

that led to this horrible shooting of her son's dedicated and compassionate teacher.

On June 12, 2023, before the Honorable Douglas E. Miller, M.J., Ms. Taylor

pleaded guilty to a two-count criminal information, which relates to the predicate facts

that indirectly led to the shooting on January 6:  Count One (unlawful user (marijuana)

(18 U.S.C. §922(g)(3)); and Count Two (false statement in purchase of a firearm (18

U.S.C. §922(a)(6))).  At the state level, Ms. Taylor pleaded guilty on August 15, 2023, to a

related charge (child abuse), for which she will be sentenced on December 15, 2023.

## RECOMMENDATION OF VARIANT SENTENCE

Pursuant to the factors set forth in 18 U.S.C. § 3553(a), this Court "shall impose a sentence *sufficient, but not greater than necessary*[.]" (emphasis added). In its Presentence Report ("PSR") (amended November 8, 2023 (Doc. 28)) for the Defendant, the U.S. Probation Office ("USPO") has a calculation under the U.S. Sentencing Guidelines ("USSG") of 18-24 months of incarceration (Level 15 (Criminal History I)) before any downward variance. Ms. Taylor does not dispute the USSG calculations by the USPO in the amended PSR.

In addition, we do not object to consideration of all the statements and letters submitted to the USPO and this Court. As soon as practicable before the sentencing, Ms. Taylor will be filing at least three letters, including two from her family and one from her mental health counselor; however, counsel has not yet received the letters.

Ms. Taylor, who undoubtedly has significant chapters in her young life relating to addiction and mental health, asks this Court to conclude that the "not greater than necessary" variant sentence should be no more than three years of probation with special conditions, including home confinement and counseling for mental health and addiction. In the event this Court decides to impose a term of imprisonment, we further ask that the sentence be no more than six months. In addition, Mr. Taylor seeks assignment to an FCI, which can provide counseling for her indisputable addiction and mental health issues, that is as close as possible to her family in the Newport News area.

## BOND VIOLATION

Ms. Taylor understands that a bond violation petition may be filed before the sentencing.  If such a petition is filed by the USPO, counsel defers to the Court on whether Ms. Taylor has violated her presentencing bond conditions.  We will not dispute the three positive lab tests (marijuana) based on samples taken from Ms. Taylor on September 29 and October 3 and 16, 2023.  If she is violated and remanded immediately, we request that the time served for the bond violation run currently with and credited against any term of imprisonment, *if any*, for Counts One and Two.

## REQUEST FOR A SENTENCING STAY IF IMPRISONMENT IMPOSED

Pursuant to *New York State Rifle & Pistol Association, Inc. v. Bruen*, 597 U.S. ___ (2022), in which a focused and refined Second Amendment framework was established for reviewing gun laws, the Supreme Court could very well be deciding soon in Ms. Taylor's favor on the unconstitutionality of Count One (§ 922(g)(3)).  In addition, weeks after Ms. Taylor's guilty plea, the Federal Public Defender for the Eastern District of Virginia filed on July 5 a persuasive motion to dismiss of this same charge in another matter before Senior Judge John A. Gibney, Jr.  *See United States v. Waters* (Criminal Case 2:23CR75) (Third and Fifth Circuit favorable citations in FPD's motion incorporated by reference).  A November 17, 2023, motions hearing is set to address this motion.  We are not speculating in suggesting that the Supreme Court is most likely going to rule in the near future on whether §922(g)(3) is unconstitutional.

Most important, and after Ms. Taylor serves any possible punishment for her bond violation, we suggest that any sentence of imprisonment on Counts One and Two

be stayed in light of the uncertainty relating to the viability of §922(g)(3).  In light of the

determined posture of seeking punishment in an FCI by the United States, which

recommends an aggressive sentence (21 months) that is *vastly more than necessary*,

counsel would be remiss in not seeking a stay of the imprisonment.  We respectfully

submit to the Court that the turbulent constitutional waters surrounding § 922(g)(3)

support a compassionate use by this Court of a stay.

## THE CHALLENGES IN LIFE FOR MS. TAYLOR

We should not understate the difficulties that have faced Ms. Taylor (age 26).

She was born in 1997 in Newport News, Virginia, to parents that did not reside

together.  Her father was often incarcerated when she was growing up, although she

still tried to have some type of meaningful relationship with him.  At present, her father

(age 43) is serving prison time and will not be released until March 2026.  In sum, her

biological father was far from a role model to Ms. Taylor.  To make matters more

challenging, her mother became married when Ms. Taylor was age 3, however, her

relationship with her stepfather was strained.  At age 12, she and her mother moved out

of the stepfather's home.  For most of her life, she has lived with her mother or her

grandparents.

At Denbigh High School in Newport News, Ms. Taylor had difficulties in the

classroom.  When she became pregnant with her son (now age 7), she dropped out of

high school in 2014, while in the eleventh grade.  After she gave birth to her sole child,

her son's father and Ms. Taylor had (at times) an exceedingly strained relationship.  For

example, her son's father has been physically abusive to Ms. Taylor.  In September 2020,

he was charged with assault and battery for hitting her in the jaw and shoving her to the ground. Since January 2023, Ms. Taylor's grandfather has full custody of her son; she lives with her mother, stepfather, and a sister. She has supervised visits with her son.

Ms. Taylor has mental health issues that will only be exacerbated by imprisonment. First, she has ADHD, for which she has been diagnosed. Second, she has had depression and anxiety since she was age 7.

Third, she has had suicidal ideation and has engaged in alarming and self-destructive behavior: (1) she lay on train tracks when she was age 16; (2) cut herself at age 17; and (3) admitted involvement in a car accident between she had wanted such—resulting in her apparently being held at a medical center for three days of observation.

Fourth, she has borderline personality disorder and anxiety. Ms. Taylor attended weekly therapy sessions for her anxiety four years ago. In July 2023, she was diagnosed with borderline personality disorder, post-traumatic stress disorder, schizoaffective disorder, and other complications. In sum, her mental health has precipitated severe stress, most notably during vulnerable and chaotic times in her young life.

## SUBSTANCE ABUSE

Ms. Taylor's addiction issues have played a key role in the troubles that she has faced and the mistakes she has made. She has unquestionably been an abuser of marijuana since her teenage years. After her guilty plea, she was diagnosed with cannabis use disorder. Counsel is not going to dispute the numerous positive tests for marijuana while on bond. However, we request that any sentence imposed have a

requirement that Ms. Taylor get treatment and counseling for something that must be addressed immediately:  her addiction to marijuana.  Addiction is a disease and incarceration is not the cure.

## CONCLUSION

Ms. Taylor vulnerably stands before this Court humiliated, contrite, and saddened.  Most important, she is utterly remorseful for the mistakes in her life that led to the horrific shooting of her son's teacher, who experienced a miracle by surviving. The USSG do not adequately assess the personal characteristics of Ms. Taylor's past and her mental health challenges.  Pursuant to the factors set forth in 18 U.S.C. § 3553(a), a variance is called for if the sentence is to be *sufficient, but not greater than necessary*, especially in light of the guilty plea at the state level.  Ms. Taylor has taken responsibility in both jurisdictions—a sincere, true, and powerful sign that she is taking responsibility for all of her actions.

Thus, Ms. Taylor respectfully asks this Honorable Court to impose a variant sentence of three years of probation with special conditions, including home confinement and appropriate counseling.  If imprisonment is imposed, we ask for no more than six months; and that such time be stayed until the Supreme Court rules on the constitutionality of § 922(g)(3).

Respectfully submitted,

_____/s/_____
Gene Rossi, Esquire
VSB Number 93136
Carlton Fields, PA
Suite 400 West

1025 Thomas Jefferson Street, NW
Washington, DC 20007-5208
Telephone: 202-965-8119
Cell: 703-627-2856
Email: grossi@carltonfields.com

James S. Ellenson
Suite 756
101 25th Street
Newport News, VA 23607
Telephone:  757-244-4445
Email:  jseatty@aol.com

*Attorneys for Deja Nicole Taylor*

8

## CERTIFICATE OF SERVICE

I hereby certify that the SENTENCING MEMORANUM was filed with the Clerk

of the Court via ECF on Thursday, November 9, 2023.

Respectfully submitted,

_____/s/_____
Gene Rossi, Esquire